

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2021

**BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Ocasio, et al.*, 21 Cr. 610 (NRB)

Dear Judge Buchwald:

    The Government respectfully writes to request a protective order in the above-captioned case. A proposed protective order, consented to and signed by the parties, is enclosed.

    Thank you for your consideration of this matter.

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney for the
                          Southern District of New York

             By:  */s/ Samuel P. Rothschild*
                     Samuel P. Rothschild
                     Assistant United States Attorney
                     (212) 637-2504

Enclosure

cc (by ECF):    Gregory Morvillo, Esq.
                     Camille Abate, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

David J. Ocasio Gonzalez and
Frank J. Rios,

*Defendants.*

**Protective Order**

**21 Cr. 610 (NRB)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that material may include material that (i) affects the privacy and confidentiality interests of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that either (1) are designated in whole or in part as "Disclosure Material" by the Government in emails or communications to defense counsel, or (2) include a Bates or other label stating "Disclosure Material," shall be deemed "Disclosure Material."

2. **Sensitive Disclosure Material.** Certain of the material the Government will produce, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

2. Disclosure Material that is not Sensitive Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) the Defendants.

3. Sensitive Disclosure Material shall be disclosed only as follows:

(a) Sensitive Disclosure Material shall be subject to the conditions applicable to Disclosure Material, except that Sensitive Disclosure Material may be shown to the defendants, but may not be maintained in the defendants' possession.

4. The Government may authorize, in writing, disclosure of material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was seized from the defendants, among others. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain discoverable material ("the seized ESI discoverable material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI discoverable material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI discoverable material except as otherwise set forth under this Order.

7. Except for material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material and Sensitive Disclosure Material, including the seized ESI discoverable material, within 30 days of the

expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Samuel P. Rothschild*                               Date:   December 8, 2021
    Samuel P. Rothschild
    Assistant United States Attorney

*Gregory R. Morvillo*                                     Date:   12/16/21
Gregory R. Morvillo, Esq.
Counsel for David J. Ocasio Gonzalez

*Camille M. Abate*                                        Date:   December 15, 2021
Camille M. Abate, Esq.
Counsel for Frank J. Rios

SO ORDERED:

Dated: New York, New York
      December 16, 2021

*Naomi Reice Buchwald*
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

5